THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL A. PRICE, an individual; KATIE M. HOLMSTROM, an individual; and TESSA V. GEHARDT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC, d/b/a SHELL OIL PRODUCTS US, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. C11-1553-JCC<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR A PROTECTIVE ORDER |

This matter comes before the Court on Defendant Shell Oil Products' motion seeking several discovery-related items of relief. (Dkt. No. 27.) The Court having considered the parties' briefing on the motion, and the declarations filed therewith, and being otherwise fully advised, hereby finds that oral argument is unnecessary, and further FINDS and ORDERS as follows:

(1) The Court ORDERS Plaintiffs to return to Defendant all originals and copies of any and all documents that Plaintiffs removed from Defendant's workplace within five (5) days of the issuance of this order. Each of the Plaintiffs and their counsel is further ORDERED to submit a declaration to Defendant and the Court confirming that this had been done. The Court declines Defendant's request for an order requiring Plaintiffs to provide a declaration confirming that they have not reviewed or otherwise looked at any of the documents they removed from Defendant's

workplace. It is clear from the briefing and accompanying declarations that Plaintiffs Price and Holmstrom laid eyes on at least some of the materials—at least enough to conclude that they were potentially relevant to their case. (*See, e.g.*, Dkt. No. 34 (Declaration of Rachel Price) at 2–3 ¶¶ 8–12.) It would be futile to order them to make a declaration to the contrary. Furthermore, Plaintiffs' counsel has already submitted a declaration that "counsel has not reviewed the preserved documents and intends to refrain from review until Shell confirms that there are no privileged communications therein." (Dkt. No. 33 at 3 ¶ 8.)

      (2) The Court ORDERS Plaintiffs not to engage in any "self-help" discovery tactics for the duration of the litigation, and to request information and documents from Defendant exclusively through the means provided in the Federal Rules of Civil Procedure.

      (3) The Court DENIES Defendant's request to strike Plaintiffs' requests for production of the documents Plaintiffs removed from Defendant's workplace. Plaintiffs have made a sufficient showing of these documents' relevance. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

      (4) The Court FINDS that Defendant has shown good cause for a protective order allowing Defendant to designate as "attorneys' eyes only" documents that Defendant in good faith believes warrant such designation, provided they fall within the category of "personnel files or records of current or former employees of Defendant, other than Plaintiffs," and further provided that "[t]hose documents contained in personnel files or records that relate to Plaintiffs' claims of discrimination and/or hostile work environment based on gender and/or sexual orientation, including documents relating to investigation of or discipline relating to such claims," will not be designated "attorneys' eyes only" by Defendant. The Court agrees with Defendant that such an "attorneys' eyes only" provision is appropriate to protect the legitimate privacy interests of non-parties to this litigation, *i.e.*, former and current Shell employees. *See*

Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). The Court declines to include in the protective order the proposed provision allowing Defendant to designate "particularly sensitive and non-public financial, proprietary, or trade secret information relating to Defendant" as "attorneys' eyes only." This provision is overbroad and unrelated to Defendant's motion, and the protective order sufficiently protects this category of documents by allowing Defendant to designate them "confidential." The Court further FINDS that the "attorneys' eyes only" provision will not deprive Plaintiffs of the information and explanation necessary to allow them to participate intelligently in the case. The provision contains a generous carve-out for "[t]hose documents contained in personnel files or records that relate to Plaintiffs' claims." And with respect to documents not covered by the carve-out, nothing in the protective order stops Plaintiffs from alerting their attorneys to the records of particular employees or categories of employees that deserve heightened scrutiny, or otherwise providing requested "context," nor does it stop Plaintiffs' attorneys from asking Plaintiffs if certain records deserve heightened scrutiny or should be reviewed for particular items of relevance. The Court therefore GRANTS IN PART Defendant's request for a protective order and hereby ENTERS the protective order attached as Exhibit 1 to this order.

(5) Finally, Defendant requests an order requiring Plaintiffs to pay Defendant's reasonable attorneys' fees and costs incurred in bringing this motion. Rules 26(c) and 37(a)(5) of the Federal Rules of Civil Procedure provide that if the court grants in part and denies in part a party's motion for "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the court may, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *See* Fed. R. Civ. P. 37 advisory committee's note, 1993 amendments (consideration of "written submissions" satisfies Rule 37(a)(5)'s "opportunity to be heard" requirement). Of the various items of relief Defendant requested in its motion, the Court denied only Defendant's request (a) for an order requiring

1 Plaintiffs to submit a declaration that they have not looked at any of the documents they removed
2 from Defendant's workplace, (b) to strike Plaintiffs' requests for production of those documents,
3 and (c) to include in the protective order a provision allowing Defendant to designate
4 "particularly sensitive and non-public financial, proprietary, or trade secret information relating
5 to Defendant" as "attorneys' eyes only." The heart of the motion involved (1) describing and
6 documenting Plaintiffs' and their counsel's behavior in order to show good cause for an order
7 requiring the return of the documents removed from Defendant's workplace and for an order
8 requiring Plaintiffs not to engage in any "self-help" discovery tactics for the duration of the
9 litigation, and (2) showing good cause for the "attorneys' eyes only" provision protecting the
10 privacy interests of non-parties to the litigation. Defendant's requests ((a) through (c) above) are
11 ancillary to the major relief requested, and it does not appear that Defendant's motion—or the
12 work involved—would have been materially different or less extensive had it not included those
13 additional, ancillary requests. The Court therefore ORDERS Plaintiffs to pay Defendant's
14 reasonable attorneys' fees and costs incurred in bringing this motion. Within ten (10) days of this
15 order, Defendant shall submit to the Court a declaration substantiating its attorneys' fees and
16 costs and a proposed order granting fees.

17          DATED this 5th day of October 2012.

                                                    _____
                                                    John C. Coughenour
                                                    UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL A. PRICE, an individual; KATIE M. HOLMSTROM, an individual; and TESSA V. GEHARDT, an individual, | CASE NO. C11-1553-JCC |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | |
| EQUILON ENTERPRISES LLC, d/b/a SHELL OIL PRODUCTS US, a Delaware Limited Liability Company, | |
| Defendant. | |

Pursuant to FRCP 26(c), it is ORDERED as follows:

1.   Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including without limitation financial information, trade secrets, personnel and payroll information, Social Security Numbers, wage and salary information, medical records or information, business planning or strategy information, or other commercially sensitive or personally sensitive information of a non-public nature, may be designated as "CONFIDENTIAL," and so marked,

by stamping each page of the document CONFIDENTIAL.  If the document is more than twenty-five (25) pages in length, stamping the front page CONFIDENTIAL shall be sufficient to cover the entire document under this Protective Order.  In the event that a party inadvertently fails to stamp or otherwise designate a document as CONFIDENTIAL at the time of its production, that party shall have twenty (20) business days after discovery of such error to so stamp or otherwise designate the document.

2. In addition, documents produced by Defendant that fall within the scope of Paragraph 1 and that Defendant in good faith believes warrant further restrictive disclosure may be designated "ATTORNEYS' EYES ONLY" by Defendant, provided they fall within the category of personnel files or records of current or former employees of Defendant, other than Plaintiffs.  Provided:  Those documents contained in personnel files or records that relate to Plaintiffs' claims of discrimination and/or hostile work environment based on gender and/or sexual orientation, including documents relating to investigation of or discipline relating to such claims, will not be designated ATTORNEYS' EYES ONLY by Defendant.  The procedures identified in Paragraph 1 regarding designation and marking of CONFIDENTIAL documents apply with equal force to documents designated ATTORNEYS' EYES ONLY.

3. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to FRCP 33 or 34, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

4. The parties contemplate that certain information falling into the categories set forth above may be produced electronically, and that the electronic media (e.g., CD-ROM) will be stamped with a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, while the electronic version of documents themselves may not.  For ease of production, any electronic

records which are so produced shall be treated as bearing the designation stamped on the source electronic media, and documents printed from such electronic records shall be automatically accorded corresponding protective status pursuant to this Order.

5. All documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all information contained therein, shall be used by the party(ies) to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

6. Except with prior written consent of the party asserting confidential treatment, documents designated CONFIDENTIAL and the information contained therein may be disclosed only to the following persons:

   a. Counsel for the party(ies) to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

   b. The parties to this litigation, provided they are informed of the terms of this Order and agree to abide by them;

   c. Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A;

   d. Non-party deposition witnesses during their depositions, when necessary for, or otherwise relevant or helpful to, such witness's testimony, provided that confidential documents and the information contained therein may be disclosed to non-party deposition witnesses only after the witness has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A;

1         e.      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

        f.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, and non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A;

        g.      Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; and

        h.      The Court, its personnel and stenographic reporters.

7.      Except with prior written consent of the party asserting confidential treatment, documents designated ATTORNEYS' EYES ONLY and the information contained therein may be disclosed only to the following persons:

        a.      Counsel for the party(ies) to whom the disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

        b.      Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A;

        c.      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

        d.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, and non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A;

C11-1553-JCC PROTECTIVE ORDER
PAGE - 4

    e. Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; and

    f. The Court, its personnel and stenographic reporters.

8. The recipient of any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY that is provided under this Order shall maintain such records in a secure and safe area and shall exercise a professional standard of due and proper care with respect to storage, custody, use and/or dissemination of such records, which standard shall not be less than as is exercised by the recipient with respect to its own proprietary information.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  Failure to challenge the propriety of any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall not constitute an admission as to the propriety of that designation.  In the event that any party decides to challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at any stage of these proceedings, such party shall provide to the producing party written notice of its challenge to the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that records have been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be on the party making such designation.

10. Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY material hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11. Subject to the Rules of Evidence, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be offered in evidence in filings with the Court or at any Court hearing.

1 Nothing in this Order shall be considered a waiver of any objection or response to objection regarding admissibility or use of covered material.  If information and/or documents covered by this Order are used in, or in support of pleadings or briefs, the fact that the information or documents exist may be referred to in any briefing.  However, the parties will not file such information with the Court or otherwise use such information in open Court unless it is reasonably necessary to do so.  Any party seeking to file or use in Court documents designated by the other party as CONFIDENTIAL or ATTORNEYS' EYES ONLY may only file such documents contemporaneously with a motion to seal such documents pursuant to Local CR 5(g), unless the party asserting confidential treatment gives prior written consent that the documents in question need not be filed under seal.  Any party may move the Court for an order that such evidence be received in camera or under other conditions to restrict disclosure.

12. The use of documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and information derived therefrom, during the course of the trial of this action shall be governed by further stipulation of the parties or further order of this Court.  Except as to the use at trial of CONFIDENTIAL or ATTORNEYS' EYES ONLY documents and information derived therefrom, this Order shall remain effective until such time as it is superseded by stipulation of the parties or order of this Court.

13. At the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all copies of such documents (other than exhibits of record), shall, at the direction of the producing party, within sixty (60) days be (i) returned to the producing party, or (ii) destroyed, with the party destroying the documents providing a certificate of destruction to the producing party.

14. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY document is used in any hearings or court proceedings, it shall not lose that status outside of litigation through such use.

15. To expedite the production of information, the parties may inadvertently produce documents that are privileged, including but not limited to documents protected by attorney-client privilege or work product doctrine. A producing party who has inadvertently produced privileged documents, including but not limited to attorney-client privileged communications or work product documents, may notify the receiving party of the privilege claim and, after such notice, the receiving party must sequester, return, or destroy the specified information, retrieve any copies shared with others, and may not further use or disclose the allegedly privileged information until the claim of privilege is resolved pursuant to Fed. R. Civ. P. 26(b)(5)(B).

16. Nothing in this Order shall prevent any party to this action from moving the Court to remove a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation from a particular document, or from seeking further protection or relief.

DATED this 5th day of October 2012.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

<u>EXHIBIT A</u>

**AGREEMENT OF EXPERT, CONSULTANT,**
**NON-PARTY DEPOSITION WITNESS,**
**OR DESIGNATED REPRESENTATIVE**
**TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ (print or type name), an expert, consultant, non-party deposition witness, or designated representative of _____ (print or type name of party or law firm), in connection with <u>Rachel A. Price, Katie M. Holmstrom, and Tessa V. Gehardt v. Equilon Enterprises LLC, d/b/a Shell Oil Products US</u>, U.S. District Court, Western District of Washington, Case No. 2:11-cv-01553-JCC, hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which is attached hereto as Exhibit A, and has read and agreed to be bound by all of the provisions thereof.  The undersigned also agrees to submit himself or herself to the jurisdiction of the above Court for enforcement of the Protective Order.

DATED: _____   _____

                                       Signature