THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   RACHEL A PRICE, et al.,                          CASE NO. C11-1553-JCC

10                                                   ORDER
                            Plaintiffs,

11          v.

12
    EQUILON ENTERPRISES LLC, d/b/a
13  SHELL OIL PRODUCTS US, a Delaware
    Limited Liability Company,
14
                            Defendant.
15

16          This matter comes before the Court on Defendant's two motions for summary judgment.

17  (Dkt. Nos. 94 & 95.) Having thoroughly considered the parties' briefing and the relevant record,

18  the Court finds oral argument unnecessary and hereby GRANTS IN PART and DENIES IN

19  PART the motions for the reasons explained herein.

20  **I.      BACKGROUND**

21          This is an employment discrimination case arising out of Defendant Equilon Enterprises,

22  LLC's alleged discrimination against Plaintiffs on the basis of gender and sexual orientation.

23  (Dkt. No. 54.) Plaintiffs, two LGBT women, allege that they were discriminatorily denied

24  promotions in 2008, 2011, and 2012, based on their gender or sexual orientation, in violation of

25  Title VII as well as the Washington Law Against Discrimination ("WLAD"). (*Id.* at 6.) In each

26  case, Plaintiff alleges that less qualified heterosexual men were awarded the promotion. (*Id.* at 3–

ORDER
PAGE - 1

5.) Defendant contends that it had legitimate, nondiscriminatory reasons for denying Plaintiffs the promotions. Plaintiffs also state that Defendant subjected them to a hostile work environment, as some of their coworkers allegedly made degrading or derogatory comments about their gender or sexual orientation. (*Id.* at 2–3.)

Defendant moves for summary judgment on all claims. (Dkt. Nos. 94 & 95.) Specifically, Defendant argues that a number of the Title VII claims are procedurally barred; that none of the hostile work environment claims under either Title VII or the WLAD may be asserted, as Plaintiffs have not made out a prima facie case on that issue; and that Defendant had legitimate nondiscriminatory reasons to deny the promotions to Plaintiffs. Plaintiffs filed a consolidated response. (Dkt. No. 113.) Defendant filed timely replies. (Dkt. Nos. 115 & 116.)

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 56, the Court must enter summary judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of material fact exists, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Accordingly, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

In an employment discrimination dispute, a plaintiff generally needs to "produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'"[1] *Chuang v. Univ. of*

---

[1] The summary judgment standard is the same for state and federal employment discrimination claims. *See Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 925 n.1 (9th Cir. 2003).

1   *Cal. Davis, Bd. Of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Schnidrig v. Columbia*

2   *Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996)). The Ninth Circuit has "emphasized the

3   importance of zealously guarding an employee's right to a full trial, since discrimination claims

4   are frequently difficult to prove without a full airing of the evidence and an opportunity to

5   evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp*, 360 F.3d 1103, 1112 (9th

6   Cir. 2004).

7           Here, Defendant moves for summary judgment on all claims asserted in Plaintiffs' Fourth

8   Amended Complaint. (Dkt. Nos. 94 & 95.) Plaintiffs respond only to arguments regarding the

9   WLAD claims that relate to the allegedly discriminatory failure to promote in 2008, 2011, and

10  2012. (*See* Dkt. No. 105.) Nonetheless, "a non-movant's failure to respond" to arguments made

11  in a motion for summary judgment does not constitute "a complete abandonment of its

12  opposition to summary judgment." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

13  However, "the opposing party's failure to respond to a fact asserted in the motion permits a court

14  to 'consider the fact undisputed for the purposes of the motion.'" *Id.* (quoting Fed. R. Civ. P.

15  56(e)(2)).

16          **A.      Discriminatory Denial of a Promotion under the WLAD**

17          "In discrimination cases, summary judgment is often inappropriate because the WLAD

18  'mandates liberal construction' and the evidence 'will generally contain reasonable but

19  competing inferences of both discrimination and nondiscrimination that must be resolved by a

20  jury.'" *Johnson v. Chevron U.S.A., Inc.*, 244 P.3d 438, 443 (Wash. Ct. App. 2010) (footnotes

21  omitted). Summary judgment is appropriate, however, "when the plaintiff fails to raise a genuine

22  issue of fact on one or more prima facie elements." *Id.* (footnote omitted).[2]

23

24  ———————————————

25          [2] The Court does not reach the issue of whether, in this case, the more appropriate
    standard to apply at trial with respect to the WLAD claims is the *McDonnell Douglas* pretext

26  standard or the mixed motive standard, because the Court has determined that Plaintiffs have
    satisfied their burden on summary judgment even under the *McDonnell Douglas* standard.

Under the WLAD, an employer may not "discriminate against any person in compensation or in other terms or conditions of employment because of . . . sex . . . [or] sexual orientation." RCW § 49.60.180(3). To establish a sex or sexual orientation discrimination claim, a plaintiff must show that she can put forward a prima facie case, consisting of: "(1) membership in a protected class; (2) the employee is qualified for the employment position or performing substantially equal work; (3) an adverse employment decision including termination or denial of promotion; and (4) selection by the employer of a replacement or promoted person from outside the protected class." *Kuest v. Regent Assisted Living, Inc.*, 43 P.3d 23, 26 (Wash. Ct. App. 2002). The employee alleging discrimination must establish specific and material facts to support each element of the prima facie case. *Id.* at 26–27. "If a prima facie case is established, a 'legally mandatory, rebuttable presumption of discrimination temporarily takes hold' and the employer must produce sufficient evidence of a legitimate and nondiscriminatory explanation for the employment action." *Id.* at 27 (quoting *Hill v. BCTI Income Fund-I*, 23 P.3d 440, 446 (Wash. 2001)). If the employer satisfies its burden, the employee must provide evidence of pretext. *Id.* But "once evidence supporting a prima facie case, a non-discriminatory explanation, and pretext have been presented and 'the record contains *reasonable but competing* inferences of *both* discrimination *and* nondiscrimination, it is the jury's task to choose between such inferences.'" *Id.* (quoting *Hill*, 23 P.3d at 449).

Here, Plaintiffs have satisfied their obligation to put forward sufficient evidence to prove their prima facie case with respect to the 2011 and 2012 promotions.[3] The first, third, and fourth

---

[3] Neither Plaintiff alleges, in the Complaint, that either of them applied to the 2008 position after it was publicly reposted. (Dkt. No. 54 at 4.) Nor have they submitted evidence supporting such a claim. Failure to apply for the promotion means they have not satisfied the second element of their prima facie case as to the 2008 position. *See Fulton v. State Dep't of Soc. & Health Servs.*, 279 P.3d 500, 511 (Wash. Ct. App. 2012) (generally, employee must demonstrate that she applied for the position and was not accepted to satisfy her prima facie case; if employee was never given notice of the position, she need not show that she applied). To the extent Plaintiffs are alleging WLAD discriminatory denial of promotion claims regarding 2008 position, the Court grants summary judgment to Defendant on those claims.

1   elements are clearly satisfied. Defendant concedes that both Plaintiffs are members of two

2   protected classes. Moreover, Plaintiffs satisfy the third element because they were not promoted.

3   Finally, the fourth element is satisfied because heterosexual men were awarded each of the

4   contested positions.

5       Moreover, the Court finds that Plaintiffs have alleged sufficient facts to satisfy the second

6   factor as to both the 2011 and 2012 promotion opportunities. Defendant argues that Rachel Price

7   did not qualify for the 2011 position because she had three safety violations, (Dkt. No. 94 at 15),

8   and so "[Defendant] had legitimate, nondiscriminatory reasons for not promoting Price." (*Id.*)

9   Similarly, Defendant argues that "[it] had legitimate non-discriminatory reasons for its decision,"

10  not to offer the 2011 promotion to Tessa Gehardt because she "had difficulties working with

11  other employees." (Dkt. No. 95 at 15.) However, Defendant puts forward no evidence that the

12  2011 job posting was limited to individuals who did not have three or more safety violations, or

13  who had no "difficulties working with other employees."

14      Defendant argues that Rachel Price did not qualify for the 2012 position, "because she

15  was not the most qualified applicant." (Dkt. No. 94 at 16.) But even if she was not the *most*

16  qualified applicant, she has put forward sufficient evidence to show that she met the minimum

17  requirements for the position. Similarly, Defendant contends that it did not promote Tessa

18  Gehardt in 2012 because "of her responses to interview questions, ongoing concerns about her

19  ability to work effectively with others, and her lack of computer programming knowledge." (Dkt.

20  No. 95 at 15.) However, it is only *after* a plaintiff has satisfied her burden to put forward a prima

21  facie case that the burden shifts to Defendant to provide a "legitimate and nondiscriminatory

22  reason" to not promote the individual alleging discrimination. *See Kuest*, 43 P.3d at 27. Here,

23  Plaintiff has put forward sufficient facts to demonstrate that both Rachel Price and Tessa Gehardt

24  met the minimum qualifications for the two job postings. Accordingly, Plaintiffs have provided

25  sufficient evidence to satisfy their burden of proving a prima facie case of employment

26  discrimination under the WLAD.

1    Accordingly, the Court considers whether there are any reasonable "competing

2    inferences" that may be drawn after Defendant has put forward a nondiscriminatory motive, and

3    Plaintiffs have put forward their evidence of pretext.

4    ### 1. 2011 Promotion

5    Defendant repeats its arguments regarding its legitimate and nondiscriminatory reasons

6    for failing to promote Plaintiffs in 2011: namely, that Rachel Price allegedly had a history of

7    safety violations, and Tessa Gehardt allegedly had difficulty working with others. (Dkt. No. 94 at

8    16, Dkt. No. 95 at 16.) Plaintiff argues that there is evidence of pretext, given the fact that, in the

9    past, a heterosexual man's difficulty working with other individuals did not preclude promotion,

10   and the person who was offered the promotion in 2011 was himself involved in at least one

11   safety violation that required the presence of a hazmat team. (Dkt. No. 113 at 12–13.) Moreover,

12   Plaintiff points to discriminatory statements and actions by employees of Defendant that support

13   her claim of a discriminatory motive, including statements by at least one individual involved in

14   the hiring process. The Court cannot find that Plaintiff's inferences are unreasonable. *See Kuest*,

15   43 P.3d at 27 (case should be submitted to the jury as long as there are inconsistent but

16   reasonable inferences).

17   ### 2. 2012 Promotion

18   Defendant again alleges that it denied the 2012 promotion to Rachel Price because she

19   had fewer programming skills than the person eventually promoted, (Dkt. No. 94, at 17), and to

20   Tessa Gehardt because she did not provide strong answers in her interview questions and had

21   difficulties working with others. (Dkt. No. 95 at 16–17.) Plaintiffs point to a pattern of promoting

22   heterosexual men over LGBT people and women, and argue that, objectively, Plaintiffs were

23   better qualified for the position than the heterosexual man who was eventually hired. (Dkt. No.

24   113 at 13–16.) Drawing all reasonable inferences in Plaintiffs' favor, there is a genuine issue of

25   material fact as to whether the reasons advanced for failing to promote Plaintiffs were pretextual.

26   Accordingly, because the Court finds that there are permissible competing inferences

regarding whether the failure to promote either Plaintiff in 2011 or 2012 was discriminatory, the Court finds that there are genuine issues of material fact that should be submitted to a jury.

**B.    Discriminatory Denial of Promotion and Hostile Work Environment Claims under Title VII**

Defendant argues that the Title VII claims asserted by Plaintiffs relating to events occurring before February 2, 2011 are barred by Title VII's statute of limitations; that many of the Title VII claims are barred because neither Plaintiff included them in the Equal Employment Opportunity Commission ("EEOC") charges; that sexual orientation is not a protected class under Title VII; and that neither Plaintiff can meet her burden to show a prima facie case of gender discrimination on either the discriminatory denial of promotion claims or the hostile work environment claims. (Dkt. No. 94 at 9–18; Dkt. No. 95 at 9–17.) Plaintiffs do not respond to any of these arguments. (*See* Dkt. No. 113 at 1.) However, because "a non-movant's failure to respond" to summary judgment arguments does not constitute "a complete abandonment of its opposition to summary judgment," *Heinemann v*, 731 F.3d at 917, the Court will analyze the arguments under the normal summary judgment standards.

Title VII claimants "generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies. Therefore '[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989)). Where a plaintiff only alleges a discriminatory failure to promote claim in the EEOC charge, unrelated claims may not be asserted in a subsequent lawsuit. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) ("[I]nquiry into whether a claim has been sufficiently exhausted [by an EEOC administrative charge] must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving."). "While it is true that the continuing

violation theory 'draws within the ambit of a Title VII claim all conduct occurring before and after the filing of an EEO charge,' that conduct must still be like or reasonably related to the events charged." *Id.* at 639 (quoting *Greenlaw v. Garrett*, 59 F.3d 994, 1000 (9th Cir. 1994)).

In this case, Plaintiffs each filed an EEOC complaint. In each of the EEOC complaints, Plaintiffs argue only that they were discriminatorily denied a promotion in 2011 due to their gender or sexual orientation. (*See* Dkt. No. 98, Ex. F.) Neither of them makes any claims about a hostile work environment. Accordingly, the Court grants summary judgment to Defendant on the hostile work environment claims. Moreover, the Court grants summary judgment to Defendant on all Title VII claims related to the 2008 failure to promote, as neither Plaintiff applied for that promotion.[4]

However, because the "denial of [a] promotion occurring after [the] filing of [an] EEOC charge may be adjudicated along with other Title VII claims," *Sosa*, 920 F.2d at 1457 (citing *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982), the Court declines to grant summary judgment on Plaintiffs' Title VII claims arising out of the alleged denial of the 2011 and 2012 promotions. Moreover, for the reasons discussed above in relation to the WLAD denial of promotion claims, the Court finds that Plaintiffs have raised a genuine issue of material fact as to whether the denials of the promotions in 2011 and 2012 were discriminatory. To the extent Plaintiffs' claims regarding the denial of those promotions rest on discrimination due to either gender or gender nonconformity, the Court declines to grant summary judgment on those claims. *See Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1069 (9th Cir. 2002) (holding that Title VII bars discrimination on the basis of sex stereotypes, which may manifest in a manner similar to sexual orientation discrimination) (en banc).

//

---

[4] Because the Court grants summary judgment to Defendant on this claim, it does not reach the issue of whether the Plaintiffs are barred from asserting it due to the statute of limitations.

ORDER
PAGE - 8

1     **C.      Hostile Work Environment Claims Under the WLAD**

2          Defendant also contends that there is no genuine issue of material fact as to the hostile

3     work environment claims asserted under the WLAD, as Plaintiffs cannot prove their prima facie

4     case. (Dkt. No. 94 at 18–23; Dkt. No. 95 at 17–22.) Plaintiffs do not contest Defendant's claims,

5     or put forward any evidence to oppose that which was submitted by Defendant.

6          The four elements of a prima facie hostile work environment claim under the WLAD are:

7     "(1) the harassment was unwelcome, (2) the harassment was because of sex [or sexual

8     orientation], (3) the harassment affected the terms and conditions of employment, and (4) the

9     harassment is imputable to the employer." *Antonius v. King Cnty.*, 103 P.3d 729, 732 (Wash.

10    2004). A hostile work environment may be imputed to an employer if an owner, manager,

11    partner, or corporate officer "personally participates in the harassment," *Glasow v. Georgia-*

12    *Pacific Corp.*, 693 P.2d 708, 712 (Wash. 1985), or, where the harassment was performed by the

13    harassed employee's lower-level supervisors or co-workers, the employer "authorized, knew, or

14    should have known of the harassment" and "failed to take reasonably prompt and adequate

15    corrective action." *Id.* Corrective action must be "reasonably calculated to end the harassment."

16    *Perry v. Costco Wholesale, Inc.*, 98 P.3d 1264, 1270 (Wash. Ct. App. 2004) (quoting *Swenson v.*

17    *Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001)). In this case, Plaintiffs do not argue, and have not

18    put forward any evidence demonstrating, that the alleged harassment was performed by upper-

19    level management.

20         Defendant argues that there is no evidence that it failed to take reasonably prompt and

21    adequate corrective action, based on the conduct reported. First, some of the statements that

22    Plaintiffs allege contributed to the hostile work environment were never reported to "higher

23    managerial or supervisory personnel."[5] *See Glasgow*, 693 P.2d at 712. Nor does Plaintiff argue,

24

25    _____

26         [5] For instance, Plaintiff Gehardt alleges that Jim Fox told her that he needed to "find [her]
      a man, get [her] married," while referencing her "lifestyle," apparently referencing her status as a

1   or put forward any evidence demonstrating, "such a pervasiveness of sexual harassment at the

2   work place as to create an inference of the employer's knowledge or constructive knowledge of

3   it." *Glasgow*, 693 P.2d at 712. Accordingly, Defendant cannot be said to have been "aware" of

4   those specific allegations. Moreover, while some hostile conduct was reported, remedial actions

5   related to that conduct were subsequently taken. For instance, Defendant notes that its Human

6   Resources Manager, who investigated allegedly discriminatory comments made by Plaintiffs'

7   co-workers, stated that even if certain comments were made, "they had been resolved and . . .

8   had never occurred again." (Dkt. No. 97, Ex. H, at 153–56.) Plaintiff does attempt to show, or

9   put forward any evidence demonstrating, that the "remedial action was not of such nature as to

10  have been reasonably calculated to end the harassment." *Glasgow*, 693 P.2d at 712.

11      Thus, based on the uncontroverted evidence submitted to the Court, there is no genuine

12  issue of material fact as to whether the alleged hostile work environment may be imputed to

13  Defendant. Accordingly, the Court grants summary judgment to Defendant on the hostile work

14  environment claims asserted under the WLAD.

15  **III.    CONCLUSION**

16      For the foregoing reasons, Defendant's motions for summary judgment (Dkt. Nos. 94 &

17  95) are GRANTED IN PART and DENIED IN PART. The Court DENIES summary judgment

18  as to claims by either Plaintiff alleging the discriminatory denial of a promotion in 2011 or 2012

19  under Title VII or the WLAD, but GRANTS summary judgment to Defendant as to all other

20  claims.

21  //

22  //

23  //

24  //

25

26  member of the LGBT community. (Dkt. No. 96, Ex. C at 6.) However, she acknowledges that
    she never reported those statements to Human Resources or other corporate officials. (*Id.* at 7.)

ORDER
PAGE - 10

1   DATED this 18th day of February 2014.

2

3

4

5

6

7

8       John C. Coughenour
        UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 11