THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL A. PRICE, an individual, and TESSA A. GEHARDT an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES, LLC, d/b/a/ SHELL OIL PRODUCTS US, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. C11-1553-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs motion to consolidate (Dkt. No. 228) and Defendant's request for sanctions (Dkt. No. 229). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion to consolidate and Defendant's request for sanctions.

This case was remanded from the Ninth Circuit Court of Appeals, which found that a jury instruction given at trial stated incorrect law. (Dkt. No. 220 at 3.) On remand, the Court set a new trial date of January 29, 2018, stating "No further discovery or motions practice shall be permitted." (Dkt. No. 233 at 1.) Still, Plaintiffs filed a motion for leave to file motions and take discovery, which the Court denied. (Dkt. No. 227.) Plaintiffs then filed a new lawsuit, alleging three additional failure to promote claims based on occurrences since the June 2014 trial. *Price v.*

*Equilon Enterprises*, Case No. C17-13337-MJP. Plaintiffs now move to consolidate. They argue the second law suit involves common issues of law and fact, identical parties, and minimal additional discovery. (Dkt. No. 228 at 2.)

Defendant opposes the motion. (Dkt. No. 229.) It argues the addition of facts and claims would confuse the jury and significantly lengthen trial. (*Id*. at 5.) Defendant further objects that allowing discovery on additional claims less than three months from trial would substantially prejudice Shell. (*Id*. at 4–5.)

A district court has broad discretion when considering a motion to consolidate. *Washington v. Daley*, 173 F.3d 1158, 1169 n.13 (9th Cir. 1999). Here, consolidation is likely to cause delay, confusion and prejudice—weighing against consolidation. *See Southwest Marine, Inc. v. Triple A Mach Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1984). Furthermore, the Court has already made it clear that Plaintiffs must retry their case as it stood in 2014. Plaintiff's motion is DENIED.

The Court does not find Rule 11 sanctions appropriate here. Defendant's request for sanctions is DENIED.

DATED this 16th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE