|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | UNITED STATES DISTRICT COURT |
| 9 | | WESTERN DISTRICT OF WASHINGTON AT SEATTLE |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RACHEL A. PRICE and TESSA V. GEHARDT,

    Plaintiffs,

v.

EQUILON ENTERPRISES, LLC, d/b/a SHELL OIL PRODUCTS US,

    Defendant.

CASE NO. 11-1553-MJP
17-1337MJP

ORDER CONSOLIDATING CASES FOR TRIAL

    THIS MATTER comes before the Court on the Parties Stipulated Motion to Continue Trial Date and Extend Existing Pretrial Deadlines. (Dkt. No. 38.) Having reviewed the Motion and the Supplemental Memoranda on Consolidation (Dkt. No 41; Case No. 11-1553MJP, Dkt. No. 250), the Court ORDERS that Case No. 11-1553MJP and Case No. 17-1337MJP be consolidated for trial.

| | **Background** |
|---|---|
| 1 | |
| 2 | For nearly two decades, Plaintiffs Rachel Price and Tessa Gehardt have been employed |
| 3 | by Defendant Equilon Enterprises, LLC ("Shell") as Laboratory Technicians in its Anacortes, |
| 4 | Washington refinery. Plaintiffs filed suit against Shell after they were denied promotions in |
| 5 | 2011 and 2012, alleging that the decisions not to promote them were based on their gender |
| 6 | and/or sexual orientation. (See Case No. 11-1553, Dkt. No. 54) ("Price I"). Price I, which was |
| 7 | assigned to the Honorable Judge John C. Coughenour, went to trial in June 2014. (Id., Dkt. Nos. |
| 8 | 182-193.) After the jury returned a defense verdict, Plaintiffs appealed. (Id., Dkt. No. 204.) |


## Background

For nearly two decades, Plaintiffs Rachel Price and Tessa Gehardt have been employed by Defendant Equilon Enterprises, LLC ("Shell") as Laboratory Technicians in its Anacortes, Washington refinery. Plaintiffs filed suit against Shell after they were denied promotions in 2011 and 2012, alleging that the decisions not to promote them were based on their gender and/or sexual orientation. (See Case No. 11-1553, Dkt. No. 54) ("Price I"). Price I, which was assigned to the Honorable Judge John C. Coughenour, went to trial in June 2014. (Id., Dkt. Nos. 182-193.) After the jury returned a defense verdict, Plaintiffs appealed. (Id., Dkt. No. 204.)

In March 2017, the Ninth Circuit vacated the jury verdict in Price I and remanded for a new trial based on an incorrect statement of law in the jury instructions. (Id., Dkt. Nos. 220, 221.) After Judge Coughenour set a new trial date, Plaintiffs sought leave to file an amended complaint and to take additional discovery with respect to events that occurred after the first trial and during the pendency of their appeal. (Id., Dkt. No. 224.) Plaintiffs claimed they continued to experience discrimination, including being passed up for additional promotions, and were subjected to retaliation for having complained about the discrimination and pursued the lawsuit. (Id.) Judge Coughnour denied the request, and Plaintiffs thereafter filed a second lawsuit. (See Case No. 17-1337MJP) ("Price II"). Both cases are based on the same legal theory—"that Shell has permitted an environment in which men in the Lab are encouraged and given opportunities and, ultimately, promotions, while women and gay employees in the Lab are not." (Dkt. No. 250 at 3.)

For reasons not relevant to this order, both Price I and Price II are now proceeding before this Court.

**Discussion**

The parties presently dispute whether <u>Price I</u> and <u>Price II</u> should be consolidated and set for a single trial, or whether they should be tried separately.

Federal Rule of Civil Procedure 42(a) permits consolidation of actions involving "a common question of law or fact." Courts have broad discretion to consolidate cases pending in the same district. <u>Investors Res. Co. v. U.S. Dist. Court for C.D. Cal.</u>, 877 F.2d 777, 777 (9th Cir. 1989); <u>see also</u> <u>In re Adams Apple, Inc.</u>, 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether the cases should be consolidated, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." <u>Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989); <u>see also</u> <u>EEOC v. HBE Corp.</u>, 135 F.3d 543, 550-51 (8th Cir. 1998) (finding consolidation appropriate where it would "avoid the inefficiency of separate trials involving related parties, witnesses and evidence").

Here, the Court finds that each of these factors supports consolidation. While Shell contends that <u>Price I</u> and <u>Price II</u> "have nothing in common" such that their consolidation would result in "delay, confusion and prejudice" (Case No. 17-1337MJP, Dkt. No. 41), there is significant overlap between the cases. Both involve the same plaintiffs,[1] the same defendant, and the same lawyers. Both are based on the same factual predicate (<u>i.e.</u>, the alleged discrimination Plaintiffs faced during their employment with Shell) and both involve related causes of action. Finally, both involve overlapping witnesses and evidence to be presented at trial. Indeed, Plaintiffs indicate that they intend to call no more than four additional witnesses in

---

[1] Ms. Gehardt has dismissed her claims against Shell in <u>Price II</u>, so only Ms. Price's claims remain. (<u>See</u> Case No. 17-1337MJP, Dkt. No. 36.)

Price II that will not be called in Price I.  (See Case No. 11-1553, Dkt. No. 250.)  Based on its review of both cases, the Court finds that allowing them to proceed separately—with duplicative rounds of juror selection, duplicative sets of jury instructions, duplicative sets of opening and closing arguments, and duplicative witnesses—would not serve the interests of judicial convenience and economy.

**Conclusion**

For the reasons discussed above, the Court ORDERS that Price I and Price II be consolidated into a single case.  A ten-day jury trial in this matter shall be set for October 28, 2019.  The clerk shall issue an order resetting all case deadlines accordingly.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 20, 2018.

Marsha J. Pechman
United States District Judge