UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL A PRICE and TESSA V. GEHARDT,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC d/b/a/ SHELL OIL PRODUCTS US,<br><br>Defendant. | CASE NO. C11-1553-MJP<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to File a Fifth Amended Complaint. (Dkt. No. 254.) Having reviewed the Motion, the Response (Dkt. No. 257), the Reply (Dkt. No. 259) and the related record, the Court DENIES the Motion.

**Background**

In September 2011, Plaintiffs Rachel Price and Tessa Gehardt filed this employment discrimination action ("Price I") against their employer, Defendant Equilon Enterprises, LLC d/b/a Shell Oil Products US ("Shell"). Plaintiffs alleged that Shell denied them promotions

based on their gender and/or sexual orientation and created a hostile work environment. (See Dkt. No. 54.) Price I proceeded to trial before the Honorable Judge John C. Coughenour, resulting in a defense verdict in June 2014. (Dkt. Nos. 182-193.)

In March 2017, the Ninth Circuit vacated the jury verdict in Price I and remanded for a new trial based upon an incorrect statement of law in the jury instructions. (Dkt. Nos. 220, 221.)

In June 2017, Plaintiffs sought leave to file an amended complaint with respect to events that occurred after the first trial and during the pendency of their appeal. (Dkt. No. 224.) In particular, Plaintiffs claimed they continued to experience discrimination, including being passed over for additional promotions, and were retaliated against for having complained about the discrimination and pursued the lawsuit. (Id.) Judge Coughenour denied the request. (Dkt. No. 227.)

In September 2017, Plaintiffs filed a second lawsuit. (See Case No. 17-1337, Dkt. No. 1) ("Price II"). The initial complaint in Price II alleged, in relevant part, that both Ms. Price and Ms. Gehardt both continued to be subjected to discrimination based on their gender and/or sexual orientation, and that they both were retaliated against for complaining of the discrimination and pursuing the lawsuit in Price I. (Id.)

The Scheduling Order in Price II set January 11, 2018 as the deadline for amended pleadings. (Id., Dkt. No. 9.) In June 2018, the parties stipulated to the dismissal of Ms. Gehardt's claims with prejudice. (Id., Dkt. Nos. 36, 37.)

On December 20, 2018, the Court consolidated Price I and Price II. (See Dkt. No. 252.) The Scheduling Order in the consolidated case set January 28, 2019 as the deadline for amended pleadings. (Dkt. No. 253.)

On February 21, 2019, Plaintiffs moved to amend their complaint to add a retaliation claim. (Dkt. No. 254.) In particular, Plaintiffs seek to allege that Shell violated the Washington Law Against Discrimination, RCW 49.60 et seq. "by failing to promote Plaintiffs to one or more positions in retaliation for their complaints concerning Shell's hostile work environment and discrimination regarding female and/or lesbian employees" (i.e., their complaints about the discrimination at issue in Price I). (See Dkt. No. 256, Ex. A.)

**Discussion**

Federal Rule of Civil Procedure 16 provides that a party seeking modification of a scheduling order demonstrate "good cause" for the modification. Fed. R. Civ. P. 16(b)(4). A party satisfies the "good cause" standard by showing that, even acting diligently, she could not have met the deadlines set forth in the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609. Once this standard has been satisfied, the Court considers whether amendment would prejudice the opposing party, is sought in bad faith, would result in undue delay, or is futile. See Fed. R. Civ. P. 15(a)(2); AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006).

Here, Plaintiffs fail to clear the Rule 16 threshold. While Plaintiffs claim that they were diligent in seeking to add the retaliation claim and that they did so as soon as "it became clear that Shell intended to depose the plaintiffs again about their claims concerning the 2011 and 2012 promotions" (Dkt. No. 254 at 5-6), there is no reason they could not have sought amendment earlier, irrespective of Shell's plans for carrying out discovery. At the December 6, 2018 Status Conference, the Court specifically instructed the parties to meet and confer concerning whether an amended complaint should be filed. (See Dkt. No. 249.) Thereafter,

1 | Plaintiffs *did* in fact file an amended complaint in Price II.  (See Dkt. No. 43.)  The Court finds
2 | no reason that Plaintiffs could not have at least attempted to add the retaliation claim at that time.
3 | Because Plaintiffs have not demonstrated good cause for further amendment, the Court
4 | DENIES the Motion.
5 | The clerk is ordered to provide copies of this order to all counsel.
6 | Dated March 19, 2019.

Marsha J. Pechman
United States District Judge