# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RACHEL A. PRINCE, an individual, and TESSA V. GEHARDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHELL OIL COMPANY, a Delaware Corporation; and SHELL OIL PRODUCTS CO. LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. C11-1553 MJP<br><br>ORDER GRANTING MOTION TO ENFORCE SUBPOENA |

THIS MATTER comes before the Court on Plaintiffs' Motion to Enforce the Subpoena of Enoch J. Ledet (Dkt. No. 262), Mr. Ledet's Motion to Quash (Dkt. No. 264), and Defendants' Response to the Motion to Enforce (Dkt. No. 265). Having reviewed the motions and all related papers, the Court GRANTS Plaintiffs' Motion to Enforce and DENIES Mr. Ledet's Motion to Quash.

Pursuant to Federal Rule of Civil Procedure 45(c), Plaintiffs seek to compel Mr. Ledet to testify during trial on October 28, 2019. (Dkt. No. 262.) Mr. Ledet seeks to quash Plaintiffs' subpoena because he has previously testified through deposition testimony and has plans to be with family in Houston during the trial, helping an adult daughter and grandchildren through a sensitive personal time and holding a reunion with his son and other grandchildren. (Dkt. No. 264 at 1-2.) Depositions may be substituted for live testimony only upon a showing "that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court." Mabrey v. Wizard Fisheries, Inc., Case No. C05-1499L, 2007 WL 1795033, at *1 (W.D. Wash. June 8, 2007).

Although Mr. Ledet will lose several days with his family in order to testify, this does not present the type of "exceptional circumstances" that permit substituting deposition testimony for live testimony, especially when balanced against the Plaintiffs' need to question their most important defense witness in open court. (Dkt. No. 262 at 2.) Plaintiff's Motion to Enforce is therefore GRANTED and Mr. Ledet's Motion to Quash is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 17, 2019.

Marsha J. Pechman
United States District Judge